Megan O'Neill (SBN 220147)
  moneill@dtolaw.com
Andrea Maddox (SBN 347935)
  amaddox@dtolaw.com
DTO LAW
2400 Broadway, Suite 200
Redwood City, CA 94063
Telephone: (415) 630-4100
Facsimile: (415) 630-4105

William A. Delgado (SBN 222666)
  wdelgado@dtolaw.com
David Ramirez-Galvez (SBN 313544)
  dramirezgalvez@dtolaw.com
DTO LAW
601 South Figueroa Street, Suite 2130
Los Angeles, CA 90017
Telephone: (213) 335-6999
Facsimile: (213) 335-7802

Attorneys for Defendant
JOHN PAUL MITCHELL SYSTEMS

*Appearances of Counsel Continued on Next Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL HEAGNEY, RICA GUERRERO, KERRIE GONNELLA, JOHN ROHLOFF, and, JEWEL RULE, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN PAUL MITCHELL SYSTEMS,<br><br>Defendant. | Case No.: 3:23-cv-00687-VC<br>Hon. Vince Chhabria<br><br>**DEFENDANT JOHN PAUL MITCHELL SYSTEMS'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:  July 13, 2023<br>Time:  10:00 a.m.<br>Place:  Courtroom 4 – 17th Floor<br>  450 Golden Gate Avenue<br>  San Francisco, CA 94102<br><br>Action Filed:  February 15, 2023 |

Martin D. Singer (SBN 78166)
  mdsinger@lavelysinger.com
LAVELY & SINGER
PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for Defendant
JOHN PAUL MITCHELL SYSTEMS

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................................1

II. ARGUMENT ........................................................................................................................1

    A. Plaintiffs Fail to Refute Both that Their Claims are Implausible and that This Case is Based on an Impermissible Lack-of-Substantiation Theory. ............1

        1. Plaintiffs argue inferences should be made here despite having no facts that JPMS tested on animals, confirming the implausibility of their allegations. ...................................................................................2

        2. Plaintiffs cannot dispute they lack affirmative evidence JPMS tested on animals and thus are pursuing a lack-of-substantiation claim. ................................................................................................5

    B. Plaintiffs' Arguments That They Have Made an Express Warranty Claim Are Unavailing. ...............................................................................................8

    C. Plaintiffs Plead No Basis to Justify Tolling the Statutes of Limitations ...............9

    D. Given the Plaintiffs' Allegations, They Lack Standing to Seek Injunctive Relief. ...................................................................................................................10

III. CONCLUSION ...................................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Allred v. Frito-Lay N. Am., Inc.*,
  2019 WL 1040018 (S.D. Cal. Mar. 5, 2019) ................................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................2, 3, 4, 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................................2

*Dachauer v. NBTY, Inc.*,
  2017 WL 2304209 (N.D. Cal. May 26, 2017) ..............................................................7

*Daugherty v. Am. Honda Motor Co., Inc.*,
  144 Cal. App. 4th 824 (2006) .......................................................................................8

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) ......................................................................................10

*E-Fab, Inc. v. Accts., Inc. Servs.*,
  153 Cal. App. 4th 1308 (2007) .....................................................................................9

*Engel v. Novex Biotech, LLC*,
  689 Fed. Appx. 510 (9th Cir. 2017) ..........................................................................5, 7

*Franz v. Beiersdorf, Inc.*,
  2015 WL 4659104 (S.D. Cal. Aug. 5, 2015) ................................................................5

*Hadley v. Kellogg Sales Co.*,
  243 F. Supp. 3d 1074 (N.D. Cal. 2017) ....................................................................8, 9

*Hanscom v. Reynolds Consumer Prod. LLC*,
  2022 WL 591466 (N.D. Cal. Jan. 21, 2022) ...............................................................10

*Joslin v. Clif Bar & Co.*,
  2019 WL 5690632 (N.D. Cal. Aug. 26, 2019) ...........................................................10

*Locklin v. StriVectin Operating Co.*,
  2022 WL 867248 (N.D. Cal. Mar. 23, 2022) ................................................................6

*Myers v. Starbucks Corp.*,
  2020 WL 13302437 (C.D. Cal. July 29, 2020) .............................................................6

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*,
    107 Cal. App. 4th 1336 (2003) ................................................................................2, 7, 8

*Perez v. Bath & Body Works, LLC*,
    2022 WL 2756670 (N.D. Cal. July 14, 2022) ............................................................6

*Tubbs v. AdvoCare Int'l, LP*,
    2017 WL 4022397 (C.D. Cal. Sept. 12, 2017) ...........................................................8

**Other Authorities**

Fed. R. Civ. P. 8 ......................................................................................................................1, 2

Fed. R. Civ. P. 8(a)(2) ..................................................................................................................3

**I.      INTRODUCTION**

Plaintiffs insist they are not pursuing a lack-of-substantiation case but, tellingly, are unable to point to any allegations they have actual *evidence* John Paul Mitchell Systems' (JPMS) no-animal-testing claim is false. Plaintiffs do not, for example, refer to lab reports of animal testing or the testimony of a person who purportedly conducted animal tests. Instead, Plaintiffs concede a "reasonable inference" that JPMS lied about animal testing would be necessary here. Namely, Plaintiffs argue JPMS *must have* animal tested because a law in China required it. Putting aside whether the inference Plaintiffs ask this Court to draw is "reasonable" (it is not), information from which one could possibly *infer* falsity is not "affirmative evidence of falsity." To the contrary, as the numerous cases JPMS cites have held, California law requires private plaintiffs challenging label claims to come forward with actual evidence the label claim is false. Arguing a label claim "must be" false given the existence of a law in a foreign country does not suffice. Plaintiffs' rejoinder—that JPMS did not provide sufficient proof China did not enforce its animal-testing requirement as to JPMS—does not help their cause. Plaintiffs are simply claiming JPMS cannot prove its label claim is *true*, not that Plaintiffs have evidence it is false. That is the hallmark of a lack-of-substantiation case, which California law does not permit.

With respect to JPMS's other arguments, which the Court need not reach given the lack of evidence presented, Plaintiffs' Opposition is likewise unpersuasive. First, Plaintiffs' express warranty claim separately fails because they do not sufficiently allege JPMS breached promises made as to the specific product variants purchased. Finally, Plaintiffs' contradictory claims show they do not have standing to seek injunctive relief and may not invoke the delayed discovery rule to extend the limitations periods. The Court should dismiss Plaintiffs' claims in their entirety.

**II.     ARGUMENT**

**A.      Plaintiffs Fail to Refute Both that Their Claims are Implausible and that This Case is Based on an Impermissible Lack-of-Substantiation Theory.**

As private plaintiffs challenging a label claim, Plaintiffs face two separate pleading hurdles: Rule 8's plausibility requirement and the requirement to present affirmative evidence of

falsity under *King Bio*. Neither is met here.

        1.    *Plaintiffs argue inferences should be made here despite having no facts that JPMS tested on animals, confirming the implausibility of their allegations.*

Although Plaintiffs allege conclusory inference is enough, the authority they cite requires more than mere inference, but in fact, "factual content." Opp. at 1 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads **factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (emphasis added)). Far from relying on facts, Plaintiffs present only a *hypothesis*, that because (1) Chinese law required foreign companies importing products for sale in China to test their products on animals, and (2) JPMS sold products in China, JPMS necessarily *must have* tested its products on animals. But even at the pleading stage, mere suspicions do not suffice. *See Iqbal*, 556 U.S. at 678–79 (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.") (discussing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Plaintiffs confirm their theory is based on speculation, using words like "would have to" and "could only" to describe JPMS's supposed animal testing. *See, e.g.*, Opp. at 2 ("Plaintiffs allege that to obtain registrations from the NMPA, JPMS's agent *would have to* submit applications for its products that include examination and testing reports requiring animal testing . . . Plaintiffs allege that JPMS's products *could only* make it through Chinese customs with the NMPA registration.") (emphasis added). At bottom, therefore, Plaintiffs are asking the Court to infer possible misconduct, which does not meet the *Iqbal*/*Twombly* standard. *Iqbal*, 556 U.S. at 679 (holding complaint does not satisfy Rule 8 when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct"); *id.* at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557).

Contrary to Plaintiffs' contention, their allegations JPMS cannot provide proof it received an exemption from the NMPA does not convert their claims from implausible to plausible. *See* Opp. at 2. The NMPA stating JPMS did not receive an exemption is merely *consistent* with liability, not factual content "showing" JPMS engaged in animal testing. *See Iqbal*, 556 U.S. at 678; *see also* Rule 8(a)(2) (Complaint must contain a "short and plain statement of the claim ***showing*** that the pleader is entitled to relief.") (emphasis added).

Further, whether or not the Court incorporates by reference the documents JPMS has requested does not affect the outcome here. The Court need not rely on any documents to deem Plaintiffs' FAC insufficient—it speaks for itself. Rather, JPMS introduced those documents to show how Plaintiffs impermissibly "pick and choose" information in an attempt to lead the Court to an unreasonable (and false) conclusion.[1]

Moreover, Plaintiffs' attempts to distinguish JPMS's illustrative examples fail. First, JPMS argued a developer advertising high-pressure shower heads, even if for a home subject to a low-flow zoning law, could not be assumed to be falsely advertising on the basis of the zoning law alone. Mot. at 5. Plaintiffs first state that—despite *Iqbal/Twombly*—even without any affirmative proof, the existence of the zoning law alone would provide a plausible basis to sue the developer. Opp. at 3. But then Plaintiffs go further, arguing the NMPA stating JPMS had no exemption would be the same as the manufacturer in the hypothetical confirming it sold low-flow showerheads to the developer. *Id.* Plaintiffs thus apparently are disregarding *Iqbal/Twombly*

---

[1]   JPMS does not request the Court consider documents incorporated by reference to dispute any well-pleaded facts. *See* Request to Consider Documents Incorporated by Reference (ECF No. 33) ("Request"). For example, Plaintiffs claim that, upon reaching out to the NMPA, they were told JPMS does not have an exemption. FAC ¶ 212. JPMS does not proffer evidence to dispute whether the NMPA told Plaintiffs as much. Instead, JPMS seeks to direct the Court to the balance of information Plaintiffs omitted from the Complaint regarding whether an exemption exists and by extension whether JPMS tested on animals. Moreover, to the extent Plaintiffs characterize the materials as "eleven separate documents," this is inaccurate. *See* Opp. to Request (ECF No. 35) at 2. Plaintiffs should not be permitted to selectively reference only the portions of the materials that support their claim, while omitting portions that weaken their claim. All ten exhibits, along with the cover letter, were sent to Plaintiffs together.

in favor of a "rote speculation is enough" standard.[2] Furthermore, their analogy is flawed. They do not have evidence that, for example, a company sold animal-testing equipment to JPMS. All they present is evidence a Chinese governmental agency did not confirm over the phone to an American that it made an exception for JPMS.

Second, Plaintiffs argue China's unacknowledged exception to official policy to allow Eileen Gu to represent China in the 2022 Olympics "has no bearing" on this case. *Id.* Not so. It shows China is willing to bend the rules on an official policy and is unwilling to make public statements acknowledging exceptions. Presumably, there would be *more* of this behavior in matters with less public attention, not less.

Finally, Plaintiffs misconstrue JPMS's arguments regarding the consistency of its position on animal testing[3] by pointing to "multiple cases where companies and individuals committed egregious fraud." Opp. at 3. But again, Plaintiffs miss the mark. That some companies have committed—and admitted to—fraudulent conduct does not mean a plaintiff can bypass the pleading stage in a suit alleging fraud without any actual evidence it was committed. JPMS simply was highlighting the numerous other inferences that could be drawn from what Plaintiffs have alleged, including far more reasonable explanations (such as that the Chinese government simply chose *not* to inform Plaintiffs' counsel that it gave JPMS an exemption).

An analogous situation was presented in *Iqbal*. There, the Supreme Court recognized that, taken as true, the plaintiff's allegations were consistent with illegal and discriminatory behavior. *Id.*, 556 U.S. at 681. The Court, however, found there were "more likely explanations" that made the alleged discrimination implausible. *Id.* The Court held that "[a]s between that

---

[2]  Of course, in Plaintiffs' hypothetical, those low-flow showerheads could have been purchased by the developer for *another* development.

[3]  Plaintiffs argue that the full package of materials JPMS seeks to incorporate by reference do not relate to their claims. Opp. to Request, at 5. Yet these documents are the only definitive, non-inferential statements Plaintiffs have regarding whether JPMS was testing on animals. Critically, these documents show that JPMS was not (and went to great lengths to avoid) testing on animals. These materials, when properly considered in their entirety, further show the implausibility of Plaintiffs' claims, juxtaposing real-time communications with an unfounded third-party hypothesis.

'obvious alternative explanation' [legitimate anti-terrorism activity] . . . and the purposeful invidious discrimination respondent asks us to infer, discrimination is not a plausible conclusion." *Id.* at 682. JPMS's argument is the same: While Plaintiffs' allegation that JPMS tested on animals in order to sell in China is theoretically possible, the *obvious alternative explanation* (which is more likely given the facts here) is that JPMS had an exemption. Because Plaintiffs have no evidence JPMS in fact tested on animals, their complaint should meet the same fate as the plaintiff's in *Iqbal*—it should be dismissed.

        2.    *Plaintiffs cannot dispute they lack affirmative evidence JPMS tested on animals and thus are pursuing a lack-of-substantiation claim.*

Plaintiffs attempt to draw a distinction between this case and the lack-of-substantiation cases JPMS cites, arguing they *do* cite factual evidence—yet point to none. Instead, Plaintiffs cite to the same inferences as above: that JPMS sold products in China and China required animal testing. This is no different from the many cases JPMS cited, in which courts dismissed cases alleging, without affirmative proof of falsity, that a label claim was false. *E.g., Franz v. Beiersdorf, Inc.*, 2015 WL 4659104, at *3 (S.D. Cal. Aug. 5, 2015) (dismissing fraud claim given plaintiff did not "allege studies that contradict the skin firming representations, or make any other nonconclusory allegations that the skin firming representations are false. . . . [I]t remains Franz's burden to allege facts sufficient to demonstrate Beiersdorf's statements are false or misleading, and she can't shift her burden by merely alleging she can't find substantiation"); *Engel v. Novex Biotech, LLC*, 689 Fed. Appx. 510, 510 (9th Cir. 2017) (affirming dismissal of lack-of-substantiation claim when the complaint "rest[ed] on allegations that defendant's marketing claims are not supported by any reliable clinical trials and that a comprehensive search could not produce any publication to support claims [on product packaging]"). So too here.

Notably, Plaintiffs fail to point to a single case holding inference-based allegations devoid of factual evidence such as Plaintiffs' are anything other than a lack-of-substantiation claim. Their attempts to distinguish the multitude of cases JPMS cites also fail.

First, Plaintiffs are unable to meaningfully distinguish *Myers v. Starbucks Corp.*, 2020 WL 13302437 (C.D. Cal. July 29, 2020). In *Myers*, the plaintiff challenged Mars's claim regarding the ethical-sourcing of cocoa and relied on a Washington Post article on child labor in cocoa production. *Id.* at *5. The court dismissed the suit, rejecting the plaintiff's conclusory allegations and reliance on the news article as an impermissible attempt to shift the burden to Mars substantiate its label claim. *Id.* (rejecting UCL and CLRA claims as impermissible lack-of-substantiation claims given failure to allege "specific facts" to support that label was false or misleading). Although Plaintiffs attempt to differentiate *Myers*, they are attempting to do exactly what the *Myers* plaintiff did. In other words, the practical effect of Plaintiffs' suit is to shift the burden to JPMS to prove it did *not* test on animals, even though Plaintiffs present no specific facts showing it did. This is the definition of a lack-of-substantiation challenge. *See id.* at *5 (holding plaintiff "cannot shift the burden to [defendant] to 'substantiate' its marketing").

Plaintiffs also argue *Perez v. Bath & Body Works, LLC*, 2022 WL 2756670 (N.D. Cal. July 14, 2022), does not apply, noting certain of the plaintiff's claims were held to be adequately pled given "she 'provided allegations of affirmative evidence,' including studies showing those claims were false." Opp. at 6 (quoting *Perez,* 2022 WL 2756670, at *3–4). Plaintiffs again miss the point. Unlike the *Perez* plaintiff, Plaintiffs have no affirmative evidence of falsity, so their claims should be dismissed (as one of the claims was in *Perez*). *See id.* (holding that, because complaint contained "allegations of affirmative evidence" that "hyaluronic acid does not retain 1,000 times its weight in water[,]" plaintiff's allegations could proceed, but dismissing plaintiff's claims based on "clinically tested to instantly lock in moisture" given plaintiff merely "assert[ed] that [defendant] ha[d] no support for [that claim] because of a lack of clinical testing").

*Locklin v. StriVectin Operating Co.*, 2022 WL 867248 (N.D. Cal. Mar. 23, 2022) (Chhabria, J.), likewise does not help Plaintiffs. There, the Court rejected defendant's lack-of-substantiation argument because—unlike here—the plaintiff identified ***facts*** that directly cut against the defendant's advertised assertion, namely, studies showing that four chemicals in the "reef safe" sunscreen harmed reefs. *Id.* at *1. Plaintiffs misconstrue JPMS's argument, stating

they need not "'show' with definitive proof" that JPMS animal tested. Opp. at 6. JPMS is not, as Plaintiffs allege, arguing plaintiffs must attach the evidence on which they rely. That said, a plaintiff does need to have *affirmative evidence* a label claim is false. *See Dachauer v. NBTY, Inc.*, 2017 WL 2304209, at *2 (N.D. Cal. May 26, 2017) (Chhabria, J.) (holding that, as not to run afoul of the lack-of-substantiation bar under *King Bio*, "plaintiff must come forward with **affirmative evidence of falsity**") (citing *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.,* 107 Cal. App. 4th 1336,1345-46 (2003)) (emphasis added), *aff'd*, 913 F.3d 844 (9th Cir. 2019). Even Plaintiffs admit they do not have that.

At bottom, what Plaintiffs are stating is that they investigated but still could not find evidence JPMS's no-animal-testing claim was true (given JPMS has not proven its exemption). *See* Opp. at 6 ("The fact that the BIDC stated only the NMPA could provide JPMS with an exemption and the NMPA . . . stated that no exemption exists is additional plausible factual content that the claim of an exemption was false.").[4] This is the tell-tale sign of a lack-of-substantiation claim. *See Engel*, 689 Fed. Appx. at 510–11 ("The second amended complaint rests on allegations that defendant's marketing claims are not supported by any reliable clinical trials and that a comprehensive search could not produce any publication to support claims that defendant's product, Growth Factor-9, was clinically tested as claimed on its packaging. These allegations do not support a finding that the advertising claims are actually false, only that they lack substantiation."). Plaintiffs' UCL,[5] FAL, and CLRA claims thus fail.[6]

---

[4]  Like many of Plaintiffs' allegations, this is a red herring. JPMS only indicated it worked with the BIDC to develop alternatives to animal testing (which were then submitted to the NMPA). JPMS does not claim that the BIDC is capable of providing an exemption.

[5]  Confusingly, Plaintiffs say they are not asserting a UCL fraud prong claim. Opp. at 8. But under Count IV, Plaintiffs separately allege JPMS engaged in "deceptive, untrue, or misleading advertising." That said, given Plaintiffs state they only intend to move forward on the unfair and unlawful prongs of the UCL, there is no need to address those allegations.

[6]  Plaintiffs tacitly concede their UCL unfair and unlawful prong claims rise and fall with their FAL, CLRA, and UCL fraud prong claims. *See* Opp. at 8 (arguing that because their FAL and CLRA claims do not fail, their UCL unfair and unlawful prong claims likewise do not fail).

B.   **Plaintiffs' Arguments That They Have Made an Express Warranty Claim Are Unavailing.**

As Plaintiffs tacitly concede, if the Court agrees Plaintiffs fail to meet the standard set forth in *King Bio*, their express warranty claims are also barred. *See* Opp. at 8–9. Of course, Plaintiffs continue to argue in response to JPMS's express warranty claims that they have sufficiently alleged falsity and thus are not pursuing a lack-of-substantiation claim, pointing to *Tubbs v. AdvoCare Int'l, LP*, 2017 WL 4022397 (C.D. Cal. Sept. 12, 2017) as supporting their position. Opp. at 9. But it shows the opposite. The *Tubbs* court found the plaintiffs' complaint contained "neither relevant, logically related scientific studies nor anecdotal experience that goes beyond vague, conclusory allegations," and therefore failed to state adequate claims premised upon false advertising. *Id.* at *7. The court dismissed all claims for being premised on a lack-of-substantiation theory, including the claim for express warranty. *See id.* at *5 n. 1. The Court should do the same here.

Plaintiffs then take issue with JPMS's argument that, even accepting Plaintiffs' flawed inference-based theory, the express warranty claim would still fail because Plaintiffs do not allege the products Plaintiffs bought in the United States were subject to animal testing. Mot. at 10. Plaintiffs argue in response that the pleading stage is not the time to resolve how exactly the express warranty claim should be construed. *See* Opp. at 10. They are wrong. An express warranty claim is, after all, a contractual claim. *See Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 830 (2006) ("A warranty is a contractual promise[.]"). The pleading stage therefore *is* the appropriate time for the Court to define the terms and scope of the warranty so it can assess whether there are sufficient allegations of breach.

Plaintiffs then argue *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074 (N.D. Cal. 2017) supports their argument that JPMS's warranty applies to more than the specific promise made for the products Plaintiffs bought. Opp. at 10. Here, again, the opposite is true. The *Hadley* court held that an express warranty is tied to statements made on the packaging of **specific product variants**: "[T]he 'basis of the bargain' for each product would only include the statements made

on the packaging for that specific product variant. . . . Plaintiff must be clear on what express warranty is being claimed as to each product variant." *Id.* at 1106. Plaintiffs implicitly concede that (a) they do not allege JPMS's products sold in China are the same specific product variant Plaintiffs bought in the United States; and (b) Plaintiffs did not allege Chinese-sold and U.S.-sold products share the same ingredients or were part of the same development lot. Plaintiffs thus fail to state an express warranty claim.

### C. Plaintiffs Plead No Basis to Justify Tolling the Statutes of Limitations.

Plaintiffs argue JPMS fails to point to anything "that would have caused Plaintiffs to suspect they were injured, and Plaintiffs allege they were unaware of JPMS's animal-testing practices in China." Opp. at 11. But it is the plaintiff who must allege sufficient facts of the inability to make an earlier discovery despite reasonable diligence. *See E-Fab, Inc. v. Accts., Inc. Servs.*, 153 Cal. App. 4th 1308, 1319 (2007) (noting plaintiff must "specifically plead facts" to show delayed discovery as a basis for tolling). Plaintiffs point to no such facts alleged here.

Although it is Plaintiffs' burden to establish they could not have become aware of the facts alleged in the Complaint, JPMS nonetheless illustrated how Plaintiffs could have brought these claims far earlier. Mot. at 13-14 (discussing that (a) it has been public knowledge for over a decade that JPMS sold in China and China required animal testing; (b) JPMS did not publicly claim an exemption until 2017; and (c) all named Plaintiffs allege purchasing JPMS products before 2017).

JPMS does not, as Plaintiffs contend, "argue[] that reasonable diligence involves studying Chinese law (and by extension translating those regulations from Chinese)." Opp. at 12. Instead, as JPMS notes, major U.S. news publications ran articles many years ago providing the same facts Plaintiffs' claims are now founded on, namely, that (1) China required imported cosmetics products to be tested on animals, and (2) JPMS sold products in China. No "study of Chinese law" would have been required—merely reasonable diligence.[7]

---

[7] Finally, Plaintiffs disclaim reliance on the continuous accrual doctrine. Opp. at 13-14. Their claims are therefore limited to purchases within the statute of limitations periods. *See, e.g.,*

**D.     Given the Plaintiffs' Allegations, They Lack Standing to Seek Injunctive Relief.**

Plaintiffs appear to agree there are two tests for injunctive relief standing, both of which require the plaintiff to allege they want to purchase the product in the future. Opp. at 14; *Joslin v. Clif Bar & Co.*, 2019 WL 5690632, at *2 (N.D. Cal. Aug. 26, 2019) (citing *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970-71 (9th Cir. 2018)) ("In either example, in addition to alleging facts that demonstrate they are unable to rely on the advertising or labelling, a plaintiff must allege they would want to or intend to purchase the product in the future."). The agreement ends there.

Plaintiffs argue they *do* allege they want to continue purchasing JPMS's product, Opp. at 14, but the FAC says otherwise. Plaintiffs repeatedly allege they "would not have purchased . . . JPMS products had [they] known any . . . had been tested on animals, regardless of where that testing occurred." FAC ¶ 258; *see also* ¶¶ 227, 232, 243, 250, 265, 272, 279, 287, 294. Because Plaintiffs now believe JPMS did test on animals and state they would not have purchased any of the products if they knew that before, they clearly do not want to buy them now. Plaintiffs thus do not have standing to pursue injunctive relief. *See, e.g., Hanscom v. Reynolds Consumer Prod. LLC*, 2022 WL 591466, at *5 (N.D. Cal. Jan. 21, 2022) (finding no standing to pursue injunctive relief given "there are grounds in the FAC to discount Plaintiff's stated intent to purchase the bags in the future") (cleaned up).

**III.   CONCLUSION**

Plaintiffs' claims are both implausible and based on a lack-of-substantiation theory. As the Opposition makes clear, Plaintiffs' claims are not based on affirmative evidence that JPMS's anti-cruelty claims are false, but instead on an attenuated series of inferences. Because Plaintiffs have no evidence of falsity, such that amendment would be futile, Plaintiffs' claims should be dismissed without leave to amend.

---

*Allred v. Frito-Lay N. Am., Inc.,* 2019 WL 1040018, at *7 (S.D. Cal. Mar. 5, 2019) (finding continuous accrual doctrine does not permit plaintiffs to include purchases outside of limitations period).

Dated: June 22, 2023                                  DTO LAW

                                                      By:   /s/ Megan O'Neill
                                                            Megan O'Neill
                                                            Attorney for Defendant
                                                            JOHN PAUL MITCHELL SYSTEMS