# EXHIBIT 7

# HAGENS BERMAN

Michella Kras    michellak@hbsslaw.com

ATTORNEYS AT LAW

**HAGENS BERMAN SOBOL SHAPIRO LLP**
11 WEST JEFFERSON STREET, SUITE 1000
PHOENIX, AZ  85003

**hbsslaw.com**

(602) 224-2627 phone    (602) 840-3012 fax

November 8, 2023

**VIA E-MAIL**

Megan O'Neill
Andrea Maddox
DTO LAW
2400 Broadway, Suite 200
Redwood City, CA 94063

William A. Delgado
David Ramirez-Galvez
DTO LAW
601 South Figueroa Street, Suite 2130
Los Angeles, CA 90017

> Re:   *Heagney, et al. v. John Paul Mitchell Systems* (No.: 3:23-cv-00687-VC) –
> Meet and Confer Follow Up

Dear Counsel:

I am writing in response to our meet and confer on JPMS's Responses and Objections to Plaintiffs' First Set of Requests for Production.

**Time Limitations:**

After our meet and confer we reviewed our document requests to see if we could reach a compromise on the relevant time period. "Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence. The party resisting discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Scalia v. Int'l Longshore & Warehouse Union*, 337 F.R.D. 281, 288 (N.D. Cal. 2020) (citations omitted). While JPMS cites the class period and Plaintiffs' allegations in the Amended Complaint about JPMS's post-2014 actions, this ignores Plaintiffs' allegations in the Amended Complaint about JPMS's actions dating back to 2001. Additionally, "[b]ecause discovery is designed to define and clarify the issues, it is not limited to only those specific issues raised in the pleadings." *Soto v. City of Concord*,

November 8, 2023
Page 2

162 F.R.D. 603, 610 (N.D. Cal. 1995). As Judge Chhabria understood, if JPMS or its agents performed any animal testing, that would violate its promise that it was always a cruelty-free company, whether that testing occurred during the class period or before. Because the documents requested are directly relevant to Plaintiffs' claims that JPMS is not a cruelty-free company, and JPMS has not shown why the discovery should not be allowed, Plaintiffs cannot agree to the proposed July 2014 limitation on any of the requests. But as discussed during our meet and confer, we are willing to limit or meet and confer about the applicable time period for certain requests.

For Requests 1, 2, and 9, we maintain that we have the right to documents dating back to January 1, 2001. Those requests are extremely specific and seek a very limited universe of documents. Requests 1 and 2 seek the applications JPMS made to the NMPA and the registrations JPMS received from the NMPA, which would show whether animal testing occurred and are at the heart of Plaintiffs' case. Additionally, Plaintiffs are asking for very specific documents for 125 products—products Plaintiffs have already identified for JPMS. Similarly, Request 9—seeking contracts with Chinese labs where any animal testing would have been performed—is also directly relevant to Plaintiffs' claims and requests a very limited universe of documents.

We will agree that the relevant time period for Requests 5–8 can be shortened, but JPMS's proposal of July 2014 is not acceptable. Requests 5–8 relate to JPMS's claimed exemption and work with the BIDC to obtain such alleged exemption. According to JPMS, it left China in 2010 because of animal testing requirements and sought an alternative. Amended Complaint ¶ 161. In conducting pre-litigation CLRA discussions, JPMS included documents dating back to 2011 related to those efforts. JPMS's Memorandum of Understanding with the BIDC—which JPMS claims is evidence of an exemption—was dated November 2012. By limiting the request to July 2014, JPMS would not be producing all the documents related to its claimed exemption and would not be producing documents related to its efforts to find alternative testing, which JPMS represented to the Court should be part of phase one discovery. As JPMS claims that it left China in 2010 and began looking for animal testing alternatives, we would agree the relevant time period for Requests 5–8 is January 1, 2010, to the present.

On Requests 3–4 and 10–11, January 1, 2001, to the present is the appropriate time frame. But given JPMS's claim that it *may* be burdensome to produce documents dating back to 2001, we are willing to meet and confer about those requests. We cannot assess JPMS's claim of possible burden without additional information. Specifically, JPMS must identify to what extent those documents and communications exist, where those documents are stored, whether that storage goes back to 2001, the ability and programs

HAGENS BERMAN

November 8, 2023
Page 3

required to retrieve those documents, whether search terms can be used to retrieve the documents (e.g., NMPA and all its iterations, China, lab names, agent names), whether custodians can be identified, and whether there is any substantial difference in retrieving and producing documents for a longer time period. While it is still JPMS's burden to show that the discovery should not be allowed, we are willing to meet and confer about whether we will agree to a shorter time frame.

**Chinese Law:**

Thank you for confirming that JPMS agrees it is under an obligation to produce documents from its subsidiaries or documents agents had prepared on behalf of JPMS. We understand that JPMS alleges that its Chinese subsidiaries and agents must comply with China's Data Security Law (DSL), Personal Information Protection Law (PIPL), and Guarding State Secrets Law (GSSL) before it can produce any documents. We are analyzing JPMS's position and will get back to you if we have any disagreements.

I am available to meet and confer on these issues or to provide further clarification.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Michella Kras

MK:vtm