Megan O'Neill (SBN 220147)
  moneill@dtolaw.com
Andrea Maddox (SBN 347935)
  amaddox@dtolaw.com
DTO LAW
2400 Broadway, Suite 200
Redwood City, CA 94063
Telephone: (415) 630-4100
Facsimile: (415) 630-4105

William A. Delgado (SBN 222666)
  wdelgado@dtolaw.com
David Ramirez-Galvez (SBN 313544)
  dramirezgalvez@dtolaw.com
DTO LAW
601 South Figueroa Street, Suite 2130
Los Angeles, CA 90017
Telephone: (213) 335-6999
Facsimile: (213) 335-7802

*Appearances of Counsel Continued on Next Page*

Attorneys for Defendant
JOHN PAUL MITCHELL SYSTEMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL HEAGNEY, RICA GUERRERO, KERRIE GONNELLA, JOHN ROHLOFF, and, JEWEL RULE, individually and on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN PAUL MITCHELL SYSTEMS,<br><br>　　　　　　Defendant. | Case No.: 3:23-cv-00687-VC<br>Hon. Vince Chhabria<br><br>**DEFENDANT JOHN PAUL MITCHELL SYSTEMS'S MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION AND FIRST SET OF INTERROGATORIES**<br><br>Date: February 29, 2024<br>Time: 2:00 p.m.<br>Place: Virtual<br><br>Action Filed: February 15, 2023 |

Martin D. Singer (SBN 78166)
 mdsinger@lavelysinger.com
LAVELY & SINGER
PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for Defendant
JOHN PAUL MITCHELL SYSTEMS

**TO THE COURT AND ALL PARTIES OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 29, 2024, at 2:00 p.m., before the Honorable Vince Chhabria, via Zoom, Defendant John Paul Mitchell Systems ("JPMS") will, and hereby does, move the Court for an order granting its Motion to Compel Plaintiff Randall Heagney ("Plaintiff") to provide further responses to Requests 1-5 of JPMS's First Set of Requests for Production and Interrogatories 1-4 of JPMS's First Set of Interrogatories, pursuant to Federal Rules of Civil Procedure 37(a)(3)(B) for the reasons set forth below.

The bases for this motion are more specifically set forth in the accompanying Memorandum of Points and Authorities and include:

1. Plaintiff is withholding the underlying facts of the pre-litigation investigation, but such information is not protected by the attorney work product doctrine.
2. Plaintiff has waived applicable attorney work product protection because he relied on the investigation to defeat JPMS's motion to dismiss; and
3. JPMS meets the substantial need and undue hardship standard of Federal Rule of Civil Procedure 26(b)(3)(A) because JPMS has no other means to obtain information about Plaintiff's investigatory steps or underlying facts uncovered.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Megan O'Neill and exhibits thereto, the pleadings and records on file, and such other matters as the Court deems necessary and proper to adjudicate this Motion.

Dated:  February 16, 2024                     DTO LAW

By:   /s/ Megan O'Neill
       Megan O'Neill
       Attorney for Defendant
       JOHN PAUL MITCHELL SYSTEMS

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ........................................................................................................................ 2

    A. Plaintiff Is Withholding the Underlying Factual Information Obtained in His Pre-litigation Investigation, But Such Information Is Discoverable ....................... 2

        1. The attorney work product doctrine does not apply to the underlying facts and documents uncovered in an investigation. .................................. 2

        2. The existence of an attorney-client relationship is a pre-requisite to the application of attorney work product protection, yet Plaintiffs' counsel began its investigation at least two years before representing a client. ...... 3

    B. Plaintiff Has Waived Any Applicable Attorney Work Product Protection by Relying on its Investigation into Animal Testing in China to Defeat JMPS's Motion to Dismiss ................................................................................................... 4

    C. JPMS Meets the Substantial Need and Undue Hardship Standard Because JPMS Has No Other Means to Obtain Information About the Underlying Facts Uncovered in Plaintiff's Investigation ...................................................................... 5

I.  **INTRODUCTION**

Defendant John Paul Mitchell Systems ("JPMS") moves to compel Plaintiff to respond further to JPMS's first sets of document requests and interrogatories. Specifically, JPMS's requests seek information regarding Plaintiff's and/or counsel's investigation into the First Amended Complaint's allegations regarding animal testing in China. While Plaintiff's responses provide curated information, he has asserted attorney work product objections across the board and refused to answer some questions altogether. During the course of the parties' meet and confers, Plaintiffs' counsel made clear they had "produced every document we are relying on to show animal testing," i.e., everything that *supports* their allegations and is thus favorable to their case. But JPMS's requests were not so limited, requiring Plaintiff to disclose *all* information he discovered, including any that refutes his allegations.

What JPMS still does not know—and cannot know given Plaintiff is withholding information—is what *other facts* Plaintiff's counsel unearthed during its investigation. For example, what information was obtained in investigating the allegations at issue here (e.g., what did third parties say during interviews?) and what documents were obtained? Did someone in China state JPMS never animal tested and/or that it used alternative testing? Did a governmental official indicate its policies were not uniformly enforced? JPMS has no way to know.

To the extent such foundational facts could even be considered work product,[1] JPMS would still be entitled to them because: (1) any protection has been waived given Plaintiff put the investigation at issue to defeat JPMS's motion to dismiss; and (2) the facts of this case involve conduct in a foreign country going back at least a decade, including a foreign governmental agency's actions, so JPMS's substantial need for the information overrides the protection afforded qualified work product. The Court should therefore grant JPMS's motion to compel.

---

[1] JPMS made clear it is *not* seeking (a) the mental impressions of Plaintiffs' counsel or (b) their notes regarding interviews or their evaluation of the information obtained (aside from the actual content of the conversations or facts obtained). O'Neill Decl., Ex. H, at 2.

## II.  ARGUMENT

### A.  Plaintiff Is Withholding the Underlying Factual Information Obtained in His Pre-litigation Investigation, But Such Information Is Discoverable

As the party asserting work product protection, Plaintiff bears the burden of proving the material withheld qualifies. *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003). Specifically, Plaintiff must show the materials withheld are: (1) documents and tangible things; (2) prepared in anticipation of litigation or for trial; (3) by or for the party or the attorney asserting work product. *See id.* (citing 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2024 (2d ed.); Fed. R. Civ. P. 26(b)(3); *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975); *Onwuka v. Fed. Express Corp.*, 178 F.R.D. 508, 512 (D. Minn. 1997)). Plaintiff has yet to reveal what he is withholding, instead demanding that **JPMS** identify what Plaintiff is withholding. Declaration of Megan O'Neill ("O'Neill Decl."), Ex. I, at 5 (calling on JPMS to "identify what investigation and findings it believes Plaintiffs are relying on and that are being withheld").

*1.  The attorney work product doctrine does not apply to the underlying facts and documents uncovered in an investigation.*

As an initial matter, the underlying facts and documents uncovered during an investigation are not protected by the attorney work product doctrine. As one court stated:

> Factual questions as to "whether there has been any fact gathering; who did it; when it was done; where it is reported, if at all; how it was conducted; what inquiry was made and of whom; why the inquiry has taken so long; and the like," *Ressler v. United States*, 2012 WL 3231002, at *3 (D. Colo. Aug. 6, 2012), do not reveal mental impressions or opinions that could be subject to privilege. DIRECTV is entitled to discover those facts.

*Fed. Trade Comm'n v. Directv, Inc.*, 2016 WL 4154851, at *2 (N.D. Cal. Aug. 5, 2016); *see also Onwuka*, 178 F.R.D. at 513 (citing *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995)) ("Because the work product doctrine is intended only to guard against the divulging of attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within the work product.").

> 2. *The existence of an attorney-client relationship is a pre-requisite to the application of attorney work product protection, yet Plaintiffs' counsel began its investigation at least two years before representing a client.*

Plaintiff faces an additional hurdle in attempting to assert work product protection here: Plaintiffs' counsel had no client during some (or all) of their investigation. The earliest date of contact any of the Plaintiffs allege to have had with counsel is June 2, 2022. *See* ECF No. 28, ¶ 271 ("Rohloff was not aware that JPMS was testing on animals to sell in China until he contacted undersigned counsel, which occurred on approximately June 2, 2022."). But Plaintiff's counsel's investigation began no less than **two years before that**. O'Neill Decl., Ex. D, at 4 (stating, in response to JPMS's Interrogatory No. 2 regarding Plaintiff's investigation, that attorney placed call to NMPA on May 8, 2020).

Of course, the work product doctrine only "protects from discovery documents and tangible things prepared by a party or his representative *in anticipation of litigation*." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (cleaned up) (emphasis added). Investigative work before retaining a client—particularly two years before—would not constitute work done "in anticipation of litigation." *Nat.-Immunogenics Corp. v. Newport Tr. Grp.*, 2018 WL 6168035, at *15 (C.D. Cal. June 12, 2018), *order clarified*, 2018 WL 6136146 (C.D. Cal. Oct. 11, 2018), *and on reconsideration in part*, 2019 WL 3110021 (C.D. Cal. Mar. 19, 2019) ("To the contrary, prior to having been retained by a client and that client even suffering an injury, there was only a mere possibility of litigation, which does not satisfy Rule 26(b)(3)'s requirement that documents be prepared 'in anticipation of litigation.'"). Because much or all of the investigatory work was likely done when there was only the "remote possibility of litigation," work product protection would not apply here. *Nat.-Immunogenics Corp.*, 2018 WL 6168035, at *15 (holding work product protection did not apply to documents prepared by Plaintiffs' class action firm "while not working on behalf of a client"); *Nat.-Immunogenics Corp. v. Newport Tr. Grp.*, 2019 WL 11743217, at *6 (C.D. Cal. Mar. 1, 2019) ("[P]ossibility of litigation was too remote to warrant protection of the work product doctrine for documents created pre-suit, pre-client, and pre-injury, even if ostensibly created on behalf of a putative class of individuals.").

B. **Plaintiff Has Waived Any Applicable Attorney Work Product Protection by Relying on its Investigation into Animal Testing in China to Defeat JMPS's Motion to Dismiss**

Even if the attorney work product doctrine could apply to the information JPMS seeks, Plaintiff has waived such protection. Plaintiffs' suit is based on the results of their multi-year investigation, and they further relied on that investigation to create a sufficient inference of animal testing to bypass the pleadings stage. *See* FAC ¶¶ 211-212 (detailing how "Plaintiffs reached out to the BIDC" and what the BIDC said, as well as that "Plaintiffs again reached out to the NMPA [and it] once again confirmed there were no exemptions before the change in law in 2021 and that no exemption had been granted to JPMS."). In light of Plaintiffs' allegations regarding their investigation, this Court already deemed discovery into that investigation "fair game" and "relevant to the question of whether there was animal testing." Tr. of August 11, 2023 CMC at 10.

In light of the Court's statements, Plaintiffs produced recordings of phone conversations between attorneys in China and the BIDC and NMPA, but nothing more.[2] O'Neill Decl, Ex. F, at 2. But Plaintiffs' waiver extends to all aspects of their investigation,[3] not simply the phone calls detailed in the Complaint. For example, if Plaintiffs' counsel called the NMPA on other occasions and received additional or different information, JPMS would be entitled to that. And if they contacted the BIDC another time and were told "JPMS never animal tested," that would also be "fair game," as would any other information gleaned from inquiries made in China. *See Lexington Luminance LLC v. Feit Electric Co., Inc.*, 2020 WL 10052401, at *10-11 (C.D. Cal. Jun. 12, 2020) (finding plaintiff in patent case waived work product protections when photographs and measurements for product were attached as exhibits to complaint and thus publicly disclosed). Otherwise, Plaintiffs will be selectively using information against JPMS

---

[2] Plaintiffs have also produced publicly-available documents (e.g., NMPA product registrations) during discovery.

[3] JPMS again notes that, despite Plaintiff's waiver, it nonetheless does not seek absolute work product, such as attorney notes or mental impressions regarding the investigation.

while simultaneously concealing information helpful to JPMS's case–the very situation courts have repeatedly held to be improper. *See Wisk Aero LLC v. Archer Aviation Inc.*, 2023 WL 4029892, at *8 (N.D. Cal. June 14, 2023) ("It would be unfair to allow Archer to continue to use its selective disclosures of favorable information from FTI's investigation into Archer's systems while withholding potentially unfavorable information about its investigation[.]"); *City of Capitola v. Lexington Ins. Co.*, 2013 WL 1087491, at *1-2 (N.D. Cal. Mar. 13, 2013) (holding that, once select files for pre-litigation investigation of consultant were disclosed, all information pertaining to such investigation had to be disclosed).

      **C.**      **JPMS Meets the Substantial Need and Undue Hardship Standard Because JPMS Has No Other Means to Obtain Information About the Underlying Facts Uncovered in Plaintiff's Investigation**

If the Court finds the information sought is protected work product, the burden shifts to JPMS to show it has a substantial need for the materials and cannot obtain them by other means without undue hardship. *See* Fed. R. Civ. P. 26(b)(3)(A). JPMS satisfies this standard because (a) the case centers around what occurred in China, where information is not readily obtainable; (b) the allegations span at least 13 years (and, according to Plaintiffs, 23 years); (c) involves an investigation dating back at least four years; and (d) JPMS has no way to know whom Plaintiffs contacted or what they said, and even if it did, those individuals may no longer be reachable or willing to speak. JPMS thus has demonstrated substantial need and undue hardship. *See Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989) ("[W]hen a party makes a substantial showing that he is unable through his efforts to obtain needed information, the balance of equities shifts in favor of disclosure of trial preparation materials;"); *In re Enf't of Subpoena Issued by F.D.I.C.*, 2011 WL 2559546, at *3 (N.D. Cal. June 28, 2011) (substantial need and undue hardship met to overcome work product protection).

For the foregoing reasons, JPMS respectfully requests the Court grant its motion to compel.

Dated: February 16, 2024          DTO LAW

           By:   */s/ Megan O'Neill*
                 Megan O'Neill
                 Attorneys for Defendant
                 JOHN PAUL MITCHELL SYSTEMS