Shana E. Scarlett (SBN 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: shanas@hbsslaw.com

Robert B. Carey (*Pro Hac Vice*)
Leonard W. Aragon (*Pro Hac Vice*)
Michella A. Kras (*Pro Hac Vice*)
E. Tory Beardsley (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
       leonarda@hbsslaw.com
       michellak@hbsslaw.com
       toryb@hbsslaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RANDALL HEAGNEY, RICA GUERRERO, KERRIE GONNELLA, JOHN ROHLOFF, and JEWEL RULE, individually and on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>       v.<br><br>JOHN PAUL MITCHELL SYSTEMS,<br><br>                              Defendant. | CASE NO.  3:23-cv-00687-VC<br>Hon. Vince Chhabria<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  June 6, 2025<br>Time: 10:00 a.m.<br>Place: Zoom<br><br>Complaint Filed: February 15, 2023 |

1  The parties to the above-entitled action jointly submit this Subsequent Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-10(d):

**1.    Motions**

There are three motions pending before the Court: Plaintiffs' Motion for Class Certification, Plaintiffs' Motion for Leave to File a Second Amended Complaint, and JPMS's Motion to Exclude Testimony of Dr. Gareth Macartney. Accompanying these motions are administrative motions to seal, which the Court has not ruled on.

Pending the Court's decision on class certification, JPMS may file a Rule 23(f) petition, and, if that is granted, a motion to stay. The parties anticipate filing potential additional *Daubert* motions, motions in *limine*, and other pre-trial motions. JPMS also may file a motion for decertification, if necessary. Once full factual discovery has taken place, JPMS may also file a motion for summary judgment.

**2.    Discovery**

**a.    Written Discovery Taken to Date**

To date, the parties have taken the following written discovery:

| Plaintiffs' Discovery Requests: | Responses: |
|---|---|
| Plaintiffs' First Set of Requests for Production (Nos. 1–11), dated August 22, 2023 (as amended to correct instructions on August 30, 2023 and February 28, 2024) | • JPMS's Responses and Objections to Plaintiffs' First Set of Requests for Production, dated September 29, 2023<br>• Produced 1,253 documents on November 22, 2023 (consisting of 3,866 pages)<br>• Produced 689 documents on December 22, 2023 (consisting of 2,088 pages)<br>• JPMS's Amended Responses and Objections to Plaintiffs' First Set of Requests for Production, dated March 29, 2024<br>• Produced 66 documents on March 29, 2024 (consisting of 120 pages)<br>• Produced 3,058 documents on April 12, 2024 (consisting of 9,492 pages) |

| | |
|---|---|
| | - Produced 4,540 documents on May 10, 2024 (consisting of 14,240 pages)<br>- Produced 550 documents on May 11, 2024 (consisting of 950 pages)<br>- Produced 1,789 documents on May 19, 2024 (consisting of 5,751 pages)<br>- Produced 11 documents on June 26, 2024 (consisting of 412 pages)<br>- Produced 4 documents on July 29, 2024 (consisting of 7 pages)<br>- Produced 331 documents on August 9, 2024 (consisting of 567 pages)<br>- Produced 69 documents on April 30, 2025 (consisting of 69 spreadsheets) |
| First Set of Requests for Admission (Nos. 1–23), dated October 20, 2023 (as amended to correct instructions on February 28, 2024) | - JPMS's Responses and Objections to Plaintiffs' First Set of Requests for Admission, dated December 22, 2023<br>- JPMS's Amended Responses and Objections to Plaintiffs' First Set of Requests for Admission, dated March 29, 2023 |
| First Set of Non-Uniform Interrogatories (Nos. 1–13), dated October 20, 2023 (as amended to correct instructions on February 28, 2024) | - JPMS's Responses and Objections to Plaintiffs' First Set of Non-Uniform Interrogatories, dated December 22, 2023<br>- JPMS's Amended Responses and Objections to Plaintiffs' First Set of Non-Uniform Interrogatories, dated March 29, 2023 |
| Second Set of Requests for Production (Nos. 12–17), dated April 4, 2024 | - JPMS's Responses and Objections to Plaintiffs' Second Set of Requests for Production, dated May 6, 2024 |
| Second Set of Non-Uniform Interrogatories (Nos. 14–16), dated June 25, 2024 | - JPMS's Responses and Objections to Plaintiffs' Second Set of Non-Uniform Interrogatories, dated August 8, 2024 |
| Third Set of Requests for Production (Nos. 18–70), dated June 25, 2024 | - JPMS's Responses and Objections to Plaintiffs' Third Set of Requests for Production, dated August 8, 2024<br>- Produced 124 documents on August 11, 2024 (consisting of 250 pages)<br>- Produced 4 documents on September 16, 2024 (consisting of four spreadsheets) |

| | |
|---|---|
| | • Produced 19,292 documents on November 15, 2024 (consisting of 70,274 pages)<br>• Produced 5,735 documents on November 27, 2024 (consisting of 54,746 pages)<br>• Produced 3,152 documents on December 10, 2024 (consisting of 23,546 pages)<br>• Produced 2,017 documents on December 23, 2024 (consisting of 9,3954 pages)<br>• Produced 3,994 documents on February 4, 2025 (consisting of 36,177 pages) |
| Subpoena to MatTek Corporation to Produce Documents, dated February 4, 2025 | • Third-party MatTek's Objections and Responses to Rule 45 Subpoena, dated February 14, 2025<br>• Third-party MatTek produced two documents on February 14, 2025 (consisting of 82 pages) |
| Subpoena to Produce Documents issued to Defendant's designated expert, Dominique M. Hanssens, Ph.D., dated February 5, 2025 | • JPMS's Objections and Responses to Subpoena to Produce Documents issued to Defendant's designated expert, Dominique M. Hanssens, Ph.D. dated February 11, 2025<br>• Produced 79 documents on February 14, 2025 (5,539 pages) |
| Subpoena to Produce Documents issued to Defendant's designated expert, Keith R. Ugone, Ph.D. dated February 5, 2025 | • JPMS's Objections and Responses to Subpoena to Produce Documents issued to Defendant's designated expert, Keith R. Ugone, Ph.D. dated February 12, 2025<br>• Produced 28 documents on February 14, 2025 (1,1077 pages) |
| Notice of Rule 30(b)(6) Deposition, served on September 30, 2024, amended notices served on April 16, 2025, April 30, 2025, and May 28, 2025 | • JPMS's Objections and Responses to Notice of Rule 30(b)(6) Deposition, dated October 24, 2024<br>• JPMS's Amended Objections and Responses to Notice of Rule 30(b)(6) Deposition, Topics 3-5, 14, 38-40, 42-43, 45 dated April 25, 2025<br>• Produced five documents on April 30, 2025 related to Sales Data topics (5 pages) |

JOINT CMS
CASE NO. 3:23-cv-00687-VC                -3-

| JPMS's Discovery Requests: | Responses: |
|---|---|
| JPMS's First Set of Requests for Production to Plaintiff Heagney (Nos. 1–5), dated September 1, 2023 | • Plaintiff Heagney's Objections and Responses to JPMS's First Set of Requests for Production, dated October 2, 2023<br>• Produced 176 documents on October 2, 2023 (consisting of 664 pages)<br>• Plaintiff Heagney's Objections and Supplemental Responses to JPMS's First Set of Requests for Production Nos. 1–3, dated November 9, 2023<br>• Produced 4 recordings on November 9, 2023<br>• Plaintiff Heagney's Objections and Supplemental Responses to JPMS's First Set of Requests for Production Nos. 4 and 5, dated February 9, 2024<br>• Produced 40 documents on February 9, 2024 (consisting of 301 pages) |
| JPMS's First Set of Interrogatories to Plaintiff Heagney (Nos. 1–4), dated September 1, 2023 | • Plaintiff Heagney's Objections and Responses to JPMS's First Set of Interrogatories, dated October 2, 2023 |
| JPMS's Second Set of Requests for Production to Plaintiff Heagney (Nos. 6–16), dated March 13, 2024 | • Plaintiff Heagney's Objections and Responses to JPMS's Second Set of Requests for Production, dated April 12, 2024 |
| JPMS's Second Set of Interrogatories to Plaintiff Heagney (Nos. 5–15), dated March 13, 2024 | • Plaintiff Heagney's Objections and Responses to JPMS's Second Set of Interrogatories, dated April 12, 2024 |
| JPMS's Third Set of Requests for Production to Plaintiff Heagney (Nos. 17–39), dated June 4, 2024 | • Plaintiff Heagney's Objections and Responses to JPMS's Third Set of Requests for Production, dated July 12, 2024<br>• Plaintiff Heagney's Objections and Supplemental Response to JPMS's Third Set of Requests for Production No. 24, dated September 9, 2024 |
| JPMS's First Set of Requests for Production to Plaintiff Jewel Rule (Nos. 1–23), dated June 4, 2024 | • Plaintiff Rule's Objections and Responses to JPMS's First Set of Requests for Production, dated July 12, 2024<br>• Plaintiff Rule's Objections and Supplemental Responses to JPMS's First Set of Requests for Production Nos. 1, 2, 5, dated August 2, 2024 |

| | |
|---|---|
| JPMS's First Set of Requests for Production to Plaintiff John Rohloff (Nos. 1–23), dated June 4, 2024 | • Plaintiff Rohloff's Objections and Responses to JPMS's First Set of Requests for Production, dated July 12, 2024<br><br>• Plaintiff Rohloff's Objections and Supplemental Responses to JPMS's First Set of Requests for Production Nos. 1, 2, 5, dated August 8, 2024<br><br>• Plaintiff Rohloff's Objections and Second Supplemental Responses to JPMS's First Set of Requests for Production Nos. 1, 2, dated August 16, 2024<br><br>• Plaintiff Rohloff's Objections and Supplemental Response to JPMS's First Set of Requests for Production Nos. 15, dated September 9, 2024 |
| JPMS's First Set of Requests for Production to Plaintiff Kerrie Gonnella (Nos. 1–23), dated June 4, 2024 | • Plaintiff Gonnella's Objections and Responses to JPMS's First Set of Requests for Production, dated July 12, 2024 |
| JPMS's First Set of Requests for Production to Plaintiff Rica Guerrero (Nos. 1–3), dated June 4, 2024 | • Plaintiff Guerrero's Objections and Responses to JPMS's First Set of Requests for Production, dated July 12, 2024<br><br>• Plaintiff Guerrero's Objections and Supplemental Responses to JPMS's First Set of Requests for Production Nos. 1–3, dated October 17, 2024<br><br>• Plaintiff Guerrero's Objections and Second Supplemental Responses to JPMS's First Set of Requests for Production Nos. 1–3, dated October 21, 2024 |
| Subpoena to MatTek Corporation to Produce Documents, dated December 9, 2024 | • Third-party MatTek produced 235 documents on January 31, 2024 (consisting of 562 pages) |
| Subpoena to Produce Documents issued to Plaintiffs' designated expert, Gareth Macartney, Ph.D, dated January 9, 2025 | • Plaintiffs' Objections and Responses to Defendant's Requests for Production of Documents to Expert Witness, dated January 15, 2025<br><br>• Produced 69 documents on January 15, 2025<br><br>• Plaintiffs' Supplemental Response to Request for Production No. 9, dated January 16, 2025<br><br>• Produced one document on January 16, 2025<br><br>• Produced one document on January 17, 2025 |

### b. Depositions Taken to Date

Plaintiffs have deposed Brenda DuVal, Luke Jacobellis, and JPMS's Fed. R. Civ. P. 30(b)(6) designee for topics related to JPMS's sales data. As explained below, this is one of four anticipated Rule 30(b)(6) designees.

JPMS has deposed all five Plaintiffs and Plaintiffs' class certification expert, Dr. Gareth Macartney.

Both parties deposed the Rule 30(b)(6) designee of third party, MatTek.

### c. Scope of Anticipated Discovery

**Plaintiffs' Anticipated Discovery**

Plaintiffs are currently taking the Rule 30(b)(6) deposition of JPMS. The parties agreed to the scope of the Rule 30(b)(6) topics on February 28, 2025. The deposition of Brenda DuVal, JPMS's designee on JPMS's product registrations in China (and related topics), is set for June 3, 2025, and will take place before the case management conference. On May 22, 2025, JPMS identified Leo Kogan as its IT designee and Jason Yates as its business and marketing designee. The parties are working on coordinating dates for both depositions in mid to late-July.[1]

Plaintiffs anticipate that most of the remaining discovery relates to merits experts. Plaintiffs propose that both parties disclose their initial experts three months after the case management conference, with rebuttal experts eight weeks later. This will give Plaintiffs sufficient time to request any additional information from JPMS on behalf of their experts, and to give both sides' experts sufficient time to prepare their reports.

Plaintiffs also anticipate finalizing any fact discovery—in particular discovery arising from what is learned in the Rule 30(b)(6) deposition, which would likely occur on multiple dates in July—including issuing requests for admissions. Plaintiffs propose setting the deadline to complete fact discovery approximately one month after expert discovery to allow time to complete any discovery enforcement that may be necessary arising from the remaining fact discovery.

---

[1] The parties had various scheduling conflicts in June and early July.

1    Plaintiffs' counsel has vigorously litigated this case including issuing 70 requests for
2    production of documents, 16 interrogatories, deposing two key JPMS employees, noticing 45 Rule
3    30(b)(6) deposition topics (including conferring to agree on scope and scheduling appropriate dates
4    to depose each of the four designees), serving subpoenas to produce documents on both of JPMS's
5    experts, and deposing and defending the deposition of third-party MatTek's Rule 30(b)(6)
6    designee. Additionally, nearly every set of discovery requests Plaintiffs have served on JPMS has
7    required several conferrals and, in some instances, an order to produce the requested discovery. For
8    instance, Plaintiffs had to move to compel information and documents related to actions taken prior
9    to 2011. Dkt. 72. Prior to filing it, Plaintiffs prioritized the discovery that was most essential to
10   their Class Certification Motion. The limited remaining discovery outlined above should not be
11   construed as a failure to diligently prosecute this case.

**Defendant's Anticipated Discovery**

In light of the fact discovery has been open for almost two years and JPMS completed the bulk of its merits (Phase I) document production in May 2024 and its class-related (Phase II) document production in February 2025, Plaintiffs' contention that they need discovery to remain open through October 2025 to propound written discovery and "enforce factual discovery" is not well-taken. Depositions will be completed in July 2025. Fact discovery should close promptly thereafter.

JPMS anticipates issuing discovery relating to any merits experts Plaintiffs identify. JPMS also anticipates additional expert discovery following Dr. Macartney's supplementation of his damages report.

**3.     Class Actions**

If any class is certified, Plaintiffs will need to provide notice to the class under Fed. R. Civ. P. 23(c)(2). Plaintiffs anticipate that this process will take several months as they will take bids for the notice administrator, draft long- and short-form notices, draft a notice plan, and seek Court approval. As this process will be taking place concurrently with expert discovery, it should not affect the proposed case schedule.

**4.    Settlement and ADR**

The parties propose private ADR, with a mediator to be chosen by the parties. The parties agree to schedule the mediation no later than November 21, 2025.

**5.    Scheduling**

The parties' respective proposed schedules are set forth below. The parties agree on all dates excepting the date to close fact discovery. Defendant seeks to close fact discovery before the experts produce their merits reports. Plaintiffs contend that such a requirement does not allow for discovery enforcement efforts that will likely be required.

**Plaintiffs' Position:**

Plaintiffs' proposed October 3, 2025 fact discovery cutoff is a conservative estimate based on the known remaining discovery outlined above. This factors in the timing of the remaining Rule 30(b)(6) deposition designees, who are likely to be deposed in July, giving Plaintiffs time to review transcripts and issue any confirmatory or follow-up discovery. More importantly, the date accounts for any fact discovery enforcement. Plaintiffs' proposal would bar new fact discovery requests after August 21, limiting any fact discovery that overlaps with the expert discovery phase to clean up and enforcement.

**Defendant's Position:**

As set forth above, discovery has been open for almost two years and JPMS completed the bulk of its merits (Phase I) document production in May 2024 and its class certification (Phase II) document production in February 2025. Plaintiffs' contention that they need discovery to remain open through October 2025 to propound written discovery and "enforce factual discovery" is thus not well-taken. Depositions will be completed in the next six to seven weeks. Fact discovery should close promptly thereafter.

| Event: | Plaintiffs' Proposed Date | JPMS's Proposed Date: |
|---|---|---|
| Merits Experts | Plaintiffs' Expert Reports: September 4, 2025<br>JPMS's Expert Reports: October 30, 2025<br>Plaintiffs' Rebuttal[2] to JPMS's Reports: December 10, 2025<br>Cutoff: January 8, 2026 | |
| Notice and Claims Procedure | TBD | |
| Deadline to Issue Written Discovery Request Related to Fact Discovery | August 21, 2025 | n/a |
| Fact Discovery Cutoff | October 3, 2025 | August 31, 2025 |
| ADR Deadline | November 21, 2025 | |
| Dispositive and *Daubert* Motions Deadline | Motion: February 9, 2026<br>Response: March 16, 2026<br>Reply: April 13, 2026 | |
| Last Day for Hearing on Dispositive and *Daubert* Motions | April 27, 2026 | |
| Pretrial Conference | August 3, 2026 | |
| Trial | August 17, 2026 | |

**6.     Trial**

Plaintiffs will try this case to a jury and expect the trial to last 14–20 court days, with the understanding each court day is five hours per the Court's published trial schedule. Plaintiffs note the length is dependent on the specifics of any class certification orders.

Defendant anticipates the trial will last 7–10 court days.

---

[2] Rebuttal refers to reports that are intended solely to contradict or rebut evidence of the same subject matter identified by a party under Rule 26(a)(2)(B). Rebuttal reports shall not be used to advance new arguments, new evidence, or amended reports. *See Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.*, 340 F. Supp. 3d 934, 995 (N.D. Cal. 2018) (citing *Wadler v. Bio-Rad Labs., Inc.*, No. 15-CV-02356-JCS, 2016 WL 6070530, at *3 (N.D. Cal. Oct. 17, 2016)).

| | | |
|---|---|---|
| 1 | Dated: May 30, 2025 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | | |
| 3 | | By: */s/ Robert B. Carey* |
| | | Robert B. Carey |
| 4 | | Attorney for Plaintiffs |
| 5 | Dated: May 30, 2025 | DTO LAW |
| 6 | | |
| 7 | | By: */s/ Megan O'Neill* |
| | | Megan O'Neill |
| 8 | | Attorney for Defendant |
| | | John Paul Mitchell Systems |

Pursuant to Civil Local Rule 5-1(i)(3), all signatories concur in filing this document.

Dated: May 30, 2025                                By: */s/ Robert B. Carey*
                                                        Robert B. Carey

JOINT CMS
CASE NO. 3:23-cv-00687-VC                    -10-